UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| TIM STANDAFER and SHUT UP AND FLY, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 7: 05-215-DCR |
| V. | ) ) ) | |
| BRIAN TURNER; HAP'S AERIAL ENTERPRISES, INC and HONEYWELL INTERNATIONAL INC., d/b/a BENDIX/KING, | ) ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of: (1) Plaintiffs Tim Standafer and Shut Up and Fly, LLC's motion to remand [Record No. 10]; (2) Plaintiffs' motion for costs and attorney's fees [Record No. 11]; and (3) Defendant Hap's Aerial Enterprises Inc.'s (Hap's) motion for leave to conduct jurisdictional related discovery. [Record No. 17]  For the reasons discussed below, the Court will grant the Defendant's motion for leave to conduct discovery on the limited issue of Tim Standafer's citizenship and will hold in abeyance the Plaintiffs' motion to remand until such time the parties complete discovery and the Court resolves the citizenship issue.  In addition, the Court will deny the Plaintiffs' motion for costs and attorney's fees.

The Plaintiffs filed this action in the Martin Circuit Court.  Thereafter, the Defendants filed a notice of removal alleging that "[u]pon information and belief, Plaintiff Tim Standafer, was at the time of commencement and at the time of removal of this action, a citizen of the state

-1-

of Kentucky." [Record No. 7, p. 2]  The Plaintiffs have now filed a motion to remand, claiming that at the commencement of this action and at the time of removal, Tim Standafer was a citizen of Indiana.  Based on this assertion, the Plaintiffs claim that there is no diversity of citizenship among the parties and this action should be remanded to state court.

The Plaintiffs have also filed a motion for costs and attorney's fees.  In support of this motion, the Plaintiffs assert that Hap's allegations that Standafer is citizen of Kentucky is unsubstantiated.  They claim that it was a waste judicial resources for the Defendants to remove the action to this Court.  Thus, they contend that the Court should award costs and attorney's fees against the Defendants upon remand.

In its response, Hap's presents a number of factual assertions and documents which indicate that Standafer *may* have been a citizen of Kentucky at the time this lawsuit was commenced and removed to this Court.  Although Hap's position is that Standafer is a citizen of Kentucky, it has moved the Court for leave to conduct discovery on the issue of Standafer's citizenship.  The Plaintiffs have not objected this course of action.  Specifically, the Plaintiffs state that they "believe that under the existing case, law, it is appropriate for the Court to permit discovery to determine subject matter jurisdiction." [Record No. 19]  However, the Plaintiffs have requested that they be allowed to "conduct discovery to determine the genesis of Hap's assertions that Plaintiff Standafer is a citizen of Kentucky, not Indiana." [Record No. 19]  While Hap's agrees that the Plaintiffs should be allowed to conduct discovery with respect to the central issue of Standafer's citizenship, it contends that the Court should not permit discovery on collateral issues, such as the origin of Hap's research regarding Standafer's citizenship.

Because it is unclear whether Standafer is a citizen of Kentucky or Indiana, the Court will permit the parties a limited amount of time in which to take discovery on this issue. The discovery, however, shall be limited solely to the issue of Standafer's citizenship at the time of the commencement and removal of this action. Discovery will not be allowed on any other issue including the "genesis of Hap's assertions" relating to Standafer's citizenship. Discovery on collateral matters will not aid the Court in resolving the motion to remand. If, as the Plaintiffs contend, discovery proves that Standafer is a citizen of Indiana, the Court will remand this action to the Martin Circuit Court.

With respect to the issue of costs and attorney's fees, Hap's contends that because there is a reasonable basis for believing that removal was proper, it would be inappropriate to award costs and fees. Conversely, the Plaintiffs have requested that the Court withhold ruling on the costs and fees' motion pending the completion of discovery. The Plaintiffs maintain that if remand is appropriate, their motion for costs and fees should be granted. The Court, however, finds that it would be improper to award costs and attorney's fees in this instance. As noted by the Defendants, "an award of attorney fees is inappropriate where the defendant's attempt to remove the action was fairly supportable." [Record No. 17, p. 12] Here, the Defendants have presented evidence that, at a minimum, raises a question as to the citizenship of Standafer. Further, the Plaintiffs have agreed that conducting discovery on limited issue of Standafer's citizenship is the proper course of action. The Plaintiff notes that, in order to award costs and fees, the Court does not have to find that the Defendants acted in bad faith or with an improper purpose in filing a notice of removal. Nevertheless, the decision to award or deny costs and

attorney's fees is within the discretion of the district court.  *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).  And, in this instance, the Court finds that, based on the evidence presented by the Defendants as well as the Plaintiffs' concession that discovery on the citizenship issue is appropriate, the Defendants filed their notice of removal based on an apparent good faith belief that Standafer was a citizen of Kentucky and that the Court has jurisdiction over the Plaintiffs' claims.  *Id*. at 239; *see also Ahearn v. Charter Tp. of Bloomfield,* 149 F.3d 1182 (6th Cir. 1998) (unpublished decision) (noting that an award of attorney's fees is inappropriate where the defendant's attempt to remove the action was "fairly supportable" or "where there has not been at least *some* finding of fault with the defendant's decision to remove ").

Accordingly, for the reasons discussed herein, it is hereby

**ORDERED** as follows:

(1)     The Plaintiffs' motion to remand [Record No. 10] is held in abeyance until such time as the Court resolves the issue of Tim Standafer's citizenship;

(2)     The Defendant's motion for leave to conduct jurisdictional related discovery [Record No. 17] is **GRANTED**.  The parties are given a period of thirty (60) days in which to conduct discovery regarding the issue of Tim Standafer's citizenship;

(3)     Following the discovery period, the Plaintiffs shall have fifteen (15) days in which to file a brief outlining their position regarding Tim Standafer's citizenship.  The Defendant shall have (15) days thereafter to file a response brief and the Plaintiffs shall have eleven (11) days to file a reply; and

(4)     The Plaintiffs' motion for costs and attorney's fee [Record No. 11] is **DENIED**.

-4-

This 28th day of September, 2005.

 Signed By:

*__Danny C. Reeves__*

**United States District Judge**